46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey C. FAIRCHILD, Defendant-Appellant.
 No. 93-30331.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 9, 1994.
Decided: Jan. 5, 1995.
 
 1
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 INTRODUCTION
 
 3
 Jeffrey Fairchild appeals his conviction for tree spiking, willful injury to the property of the U.S. government, and conspiracy under 18 U.S.C. Secs. 1864 and 1361. This court has jurisdiction under 28 U.S.C. Secs. 1291 and 1294(1). We affirm in part and reverse in part.
 
 FACTS
 
 4
 In early spring 1989, Jeffrey Fairchild, Codefendant Blount, and others hiked into the Post Office Creek Timber Sale area in Idaho's Clearwater National Forest with the express purpose of driving spikes into trees in order to prevent their sale and harvest. The group drove 384 spikes into 284 trees, clearly marking the area to alert any loggers to the spiking, and then wrote to federal officials to advise them of the spiking.
 
 
 5
 The United States Forest Service sent specialists into the area, who confirmed the spiking. The Forest Service included the fact that the trees had been spiked in the prospectus for the sale of Post Office Creek timber. Three bids were received, and the Government presented evidence that more bids would have been received but for the spiking. The highest bidder testified that its bid would have been $12,690 higher had the trees not been spiked.
 
 PROCEEDINGS
 
 6
 A jury trial commenced on June 7, 1993. At the close of the Government's case-in-chief, Fairchild moved for judgement of acquittal on the felony charges of tree spiking in violation of 18 U.S.C. Sec.1864 on the ground that the government had failed to prove damage to an individual in excess of $10,000 as required for a felony under that statute.
 
 
 7
 District Judge Justin L. Quackenbush noted that the statute also provides for misdemeanor tree spiking with no requirement of economic loss and that the government had established a prima facie case of the misdemeanor violation. He found, however, that the Government had elected to pursue a felony rather than a misdemeanor conviction, and held that the Government failed to prove damage to an individual in excess of $10,000. Hence Judge Quackenbush granted Fairchild's motion to dismiss the counts for felony tree spiking under 18 U.S.C. Sec.1864 and instructed the jurors that those counts were no longer before them.
 
 
 8
 Despite the Government's election to pursue the felony tree spiking conviction and the resulting dismissal of the Sec.1864 charges, after the defendants had presented their evidence Judge Quackenbush proposed to submit a charge of misdemeanor tree spiking under Sec.1864 on the ground that the Government had made out a prima facie case for that offense. He offered the defendants an opportunity to present further evidence on the issue, but they responded that they had no more evidence. Over defense objections, Judge Quackenbush submitted the misdemeanor tree spiking charge to the jury.
 
 
 9
 The jury found Fairchild guilty of one count of misdemeanor tree spiking, one count of willfully injuring the property of the United States, and one count of conspiracy to commit these offenses. Adopting the recommendations of a presentencing report, Judge Quackenbush sentenced Fairchild to sixty days in custody and three years probation, and ordered him to pay $4,975.00 in restitution to the Government. The Judge also specially assessed Fairchild $25 for the tree spiking count, and $50 each for the property damage and conspiracy counts.
 
 ANALYSIS
 
 10
 I. The Government Presented Sufficient Evidence Of Willful Injury To The Property Of The United States
 
 
 11
 Fairchild appeals his convictions for willful injury to property of the United States under 18 U.S.C. Sec.1361 and conspiracy to commit that offense. Although he admits that he intentionally drove spikes into 284 trees in order to prevent sale and harvesting of those trees, Fairchild argues that the government failed to prove that he willfully caused injury to the trees. His intention was, rather, to prevent injury to the trees by logging companies.
 
 
 12
 In attempting to win reversal of the jury verdict on the ground that there was insufficient evidence, Fairchild faces a formidable burden. This court must determine whether, viewing "the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." U.S. v. Lennick, 18 F.3d 814, 818 (9th Cir. 1994), cert. denied, 115 S.Ct. 162 (1994) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 13
 A rationale trier of fact could have found beyond a reasonable doubt that Fairchild and the codefendants, in deliberately driving spikes into trees in the National Forest, had willfully caused injury to the property of the United States.
 
 
 14
 We therefore affirm Fairchild's conviction on this count.
 
 
 15
 II. The Statute Prohibiting Willful Injury To The Property Of The United States Is Not Unconstitutionally Vague
 
 
 16
 Fairchild argues that the terms "injury", "depredation", and "damage" in 18 U.S.C. Sec.1361 are unconstitutionally vague as applied to tree spiking. Whether a statute is void for vagueness is a question of law reviewed by this court de novo. United States v. Woodley, 9 F.3d 774, 778 (9th Cir. 1993). This court will not hold the statute void for vagueness unless it "fails to provide a person of ordinary intelligence with notice of its meaning and the conduct it prohibits." Id.
 
 
 17
 A person of ordinary intelligence could readily conclude that a statute barring willful injury to the property of the United States prohibits people from intentionally driving spikes into trees in the National Forest with the intent to prevent their sale and harvest. The statute is not void for vagueness.
 
 
 18
 III. The District Court's Inclusion Of Consequential Losses In Its Sentencing Determination Was Harmless Error
 
 
 19
 Fairchild argues that the district court erred when it considered the cost to the Forest Service of surveying damage caused by the tree spiking. Under the Sentencing Guidelines, Fairchild's sentence level was increased for causing damage in excess of $10,000. This court reviews the application of the Sentencing Guidelines de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir. 1994).
 
 
 20
 The Government's evidence, not challenged by Fairchild, showed that the tree spiking resulted in a reduction of revenue from sale of the spiked trees of $12,690. Hence, even if the district court had not considered the additional cost of the survey, Fairchild's sentence would have been properly increased for causing damage in excess of $10,000. Consideration of the survey expenses in the sentencing decision was harmless error.
 
 
 21
 IV. The District Court Erred In Submitting The Tree Spiking Charge To The Jury After Granting Fairchild's Motion To Dismiss That Charge
 
 
 22
 Fairchild argues that the district court's submission of a misdemeanor tree spiking charge to the jury after it had granted his motion to dismiss the tree spiking charge subjected him to double jeopardy.
 
 
 23
 A separate panel of this court decided this issue on the appeal of Fairchild's coconspirator, John Blount. United States v. Blount, No. 93-30327, slip. op. at 10424 (9th Cir. Sept. 6, 1994). Under Blount, Fairchild "was improperly subjected to double jeopardy when the district court reinstated Counts One and Three." Id.
 
 CONCLUSION
 
 24
 For the reasons stated above, Fairchild's conviction for misdemeanor tree spiking is REVERSED and his convictions under 18 U.S.C. Secs. 371 and 1361 are REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3